UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PUBLIC CITIZEN,

        Plaintiff,

    v.

NATIONAL PARK SERVICE and
DEPARTMENT OF THE INTERIOR,

        Defendants.

Civil Action No. 25-4468 (RDM)

## ANSWER

Defendants, the National Park Service and the Department of Interior, (collectively "Defendants") by and through its undersigned counsel, respectfully submits the following Answer to the Public Citizen (collectively "Plaintiff") Complaint ECF No. 1, filed on December 22, 2025, in the above-captioned Freedom of Information Act ("FOIA") action.

## RESPONSES TO THE NUMBERED PARAGRAPHS

Defendants responds below to the separately numbered paragraphs and prayer for relief contained in the Complaint. To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Complaint refers to, or quotes from, external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiffs; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.  Defendants respond to the Complaint in like-numbered paragraphs as follows:

1.      This paragraph consists of Plaintiffs' characterization of this civil action to which no response is required. To the extent a response may be deemed required, Defendant admits that Plaintiff brings this civil action under the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE[1]

2.      This paragraph contains conclusions of law to which no response is required. To the extent a response may be deemed required, Defendants admit that this Court has jurisdiction over properly stated claims under the FOIA, subject to the terms and limitations of the statute. Defendants further admit venue is proper in this District for a properly stated FOIA claim, subject to the terms and limitations of the statute.

## PARTIES

3.      Defendant lacks knowledge or information to form a belief as to the truth of the allegations in this paragraph.

4.      Defendant admits that it is an agency of the United States within the meaning of FOIA and that it is subject to the FOIA.  The remainder of this paragraph sets forth Plaintiff's legal conclusions, to which no response is required. To the extent a response may be deemed required, deny.

5.      Defendant admits that it is an agency of the United States within the meaning of FOIA and that it is subject to the FOIA.  The remainder of this paragraph sets forth Plaintiff's legal conclusions, to which no response is required. To the extent a response may be deemed required, deny.

---

[1]      For ease of reference, the Defendants' Answer replicates the headings contained in the Complaint. Although the Defendants believe no response is required to such headings (Fed R. Civ. P. 10(b)), to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied

**BACKGROUND**

6.      Defendants admit the Plaintiff submitted a FOIA request on October 22, 2025.  The remainder of the allegations in this paragraph consist of Plaintiff's characterization of its request, to which no response is required.  To the extent a response is deemed required, Defendants aver that the request is the best evidence of its contents and respectfully refer to the request for a complete and accurate statement of its contents. Defendants deny all allegations in this paragraph to the extent they are inconsistent with the content of the request.

7.      Defendants admit that Plaintiff's FOIA request sought expedited processing.  The remainder of the allegations in this paragraph consist of Plaintiff's characterization of its request, to which no response is required.  To the extent a response is deemed required, Defendants aver that the request is the best evidence of its contents and respectfully refers the Court to the request for a complete and accurate statement of its contents. Defendants deny all allegations in this paragraph to the extent they are inconsistent with the content of the request.

8.      Defendants admit that Plaintiff's FOIA request sought a fee waiver.  The remainder of the allegations in this paragraph consist of Plaintiff's characterization of its request, to which no response is required.  To the extent a response is deemed required, Defendants aver that the request is the best evidence of its contents and respectfully refers the Court to the request for a complete and accurate statement of its contents. Defendants deny all allegations in this paragraph to the extent they are inconsistent with the content of the request.

9.      Admit.

10.     Admit.

11.     Admit.

12.     Defendants lack knowledge or information to form a belief as to the truth of the allegations in this paragraph.

13.     Admit.

14.     Admit.

15.     Admit.

16.     Admit.

17.     Admit.

## CAUSE OF ACTION

18.     This paragraph consists of conclusions of law to which no response is required. To the extent a response may be deemed required, Defendants deny the allegations in this paragraph.

The remainder of the Complaint starting with "PRAYER FOR RELIEF," asserts Plaintiffs' request or relief to which no response is required. To the extent that a response may be deemed required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## ADDITIONAL AND OTHER DEFENSES

Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendants through the course of this litigation.  Defendants do not assume the burden of proving any of these defenses or elements thereof where, as a matter of law, the burden is properly placed on Plaintiff.

## FIRST DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a, where disclosure would cause foreseeable harm.

## SECOND DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief to the extent that they exceed the relief authorized by FOIA or the Privacy Act.

## THIRD DEFENSE

Plaintiff is neither eligible for nor entitled to attorney's fees or costs in this matter.

## FOURTH DEFENSE

At all times alleged in the Complaint, Defendants acted in good faith, with justification, and pursuant to authority.

## FIFTH DEFENSE

Defendants assert that they have, or may have, additional defenses that are not known to Defendants at this time, but which may be ascertained during litigation. Defendants specifically preserve these and other affirmative defenses as they are ascertained during litigation, including those required by Fed. R. Civ. P. 8 and 12.


Dated:  March 2, 2026
        Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By: */s/ Kimberly A. Stratton*
    KIMBERLY A. STRATTON
    P.A. Bar #327725
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    Ph: (202) 417-4216
    Email: kimberly.stratton@usdoj.gov

*Attorneys for the United States of America*