UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC CITIZEN, <br><br>      Plaintiff, <br><br>      v. <br><br> NATIONAL PARK SERVICE et al., <br><br>      Defendants. | Civil Action No. 25-4468 (RDM) |

## JOINT STATUS REPORT

Pursuant to the Court's Minute Order entered March 3, 2026, plaintiff, Public Citizen, ("Plaintiff") and defendants National Park Service and Department of Interior, ("Defendants"), collectively, the "parties", respectfully submit this joint status report in this Freedom of Information Act ("FOIA") case.

1.      This case is based on Plaintiff's October 22, 2025 FOIA request seeking "the '[c]ontract between the National Park Service, the Trust for the National Mall, and the White House regarding the White House Ballroom project." The date range for the record search was between January 20, 2025, and October 21, 2025.'" Compl. (ECF No. 1) ¶ 6.

**Defendants' Statement**

2.      Defendants report the search for potentially responsive records has been completed and Defendants identified one responsive record. That record was submitted to an entity which is not a party to this lawsuit but maintains equity in the information contained in the record. The record is undergoing consultation with that entity. Defendants do not have an anticipated production date at this time, as the record was just recently submitted for consultation review. Defendants respectfully request a reasonable amount of time for the consultation process and respectfully

proposes filing a status report in thirty days, on or before April 27, 2026, updating the Court on the status of this FOIA request.

3.      Defendants further report that there is a substantive disagreement over the length of time for the federal consultation process to take place. Plaintiff relies on the process outlined in 43 C.F.R. § 2.28 for notifying non-federal entities of possible confidential information under FOIA Exemption 4 and Executive Order 12600. This process does not apply to the instant action, but even if it did, nothing in the regulation would prevent the Defendants from allowing more than ten workdays for an entity to review information contained within a FOIA record. Defendants believe that an order from this Court directing the Defendants to produce the document or provide a Vaughn Index is premature and unwarranted. Defendants further note that Plaintiff did not advise the undersigned counsel for the Defendants that Plaintiff would be seeking such relief until today, despite conferring with the undersigned counsel by video call prior to filing this joint status report.

**Plaintiff's Statement**

4.      Defendants have stated that only a single record is at issue that is 14 pages in length, presumably the "[c]ontract between the National Park Service, the Trust for the National Mall, and the White House regarding the White House Ballroom project." Compl. ¶ 6. Defendants completed their search and identified the document at some point in the past. They now request that the Court do no more than order another status report in 30 days—with no deadline for Defendants to produce the document, to assert an exemption, or to take any other step meaningfully to advance this litigation.

5.      Plaintiff submits that ten working days is a reasonable amount of time to complete the consultation process with the unidentified entity for a 14-page document. *Cf.* 43 C.F.R. § 2.30(b) (stating that "[a] submitter who does not respond within the time period specified under § 2.28(d)

of this subpart will be considered to have no objection to disclosure of the information"); *id.* §2.28(d) (providing "[a] time limit for responding to the bureau—no less than 10 workdays from receipt or publication of the notice…--to subject to the release and to explain the basis for the objection"). Here, moreover, the consultation process with the unidentified entity has already begun. During a meet and confer with counsel for Defendants, counsel for Plaintiff explained that Defendants should either produce the record in 10 working days or provide a *Vaughn* index with the basis for Defendants' withholding.

6.     Plaintiff respectfully requests that the Court enter an order requiring Defendants, within ten working days of the Court's order, to produce the single 14-page record or to provide a *Vaughn* index with the basis for Defendants' withholding. Plaintiff further requests that the Court order the parties to file a joint status report within five working days thereafter, in which the parties will inform the Court of any remaining disputes and, if the parties believe that briefing is necessary, to propose at that time a schedule for briefing cross-motions for summary judgment.

Dated: March 27, 2026          Respectfully submitted,
       Washington, DC

                               JEANINE FERRIS PIRRO
                               United States Attorney

/s/ *Wendy Liu*
Wendy Liu (D.C. Bar No. 1600942)
William Gomberg (D.C. Bar No. 90040345)    By: /s/ *Kimberly A. Stratton*
PUBLIC CITIZEN LITIGATION GROUP            KIMBERLY A. STRATTON
1600 20th Street NW                        P.A. Bar #327725
Washington, DC 20009                       Assistant United States Attorney
(202) 588-1000                             601 D Street, NW
                                           Washington, DC 20530
*Counsel for Plaintiff Public Citizen*     Ph: (202) 417-4216
                                           Email: kimberly.stratton@usdoj.gov

                                           *Attorneys for the United States of America*